UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

MARK CHRISTIANSEN,
           Plaintiff,

vs.                           03-1255

CORRECTIONAL OFFICERS LYNCH,
BLAKEWELL, WARDEN, DANNY JAIMET,
HULICK, MCNEIL, DONALD SNYDER, JR.,
and JOHN DOES,
           Defendants.

### ORDER

      Before the court are the Defendants, Donald Snyder, Jr., Officer Lynch, Officer Blakewell, Ed McNeil and Donald Hulick's partial summary judgment motion, d/e 29, and the plaintiff's response, d/e 34.

### Background

      The Plaintiff is currently incarcerated at Big Muddy River Correctional Center and has filed the instant action regarding events that occurred while he was incarcerated at Hill Correctional Center. The Plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983 alleging that the
Defendants at the Hill Correctional Center violated his civil rights by confiscating his religious books and denying him the right to practice his religion while the Plaintiff was in segregation for approximately five months. The Plaintiff names Lynch and Blakewell, correctional officers at Hill Correctional Center; Danny Jaimet, warden at Hill Correctional Center; McNeil and Hulick, assistant wardens at Hill Correctional Center; Donald Snyder, former director of IDOC; and John Does as defendants.

      In his complaint, d/e 8, the Plaintiff alleges that all named Plaintiffs confiscated all of his religious books and did not allow him to have his religious books while he was in segregation and for five months thereafter. He claims the books are Vedic religious books. The Plaintiff claims the Defendants allow other Christian, Jewish and Muslim inmates access to their religious books while in segregation and after release from segregation. The Plaintiff claims that on October 5, 2002, after refusing a cell assignment, he got a cart and placed all of his personal property on it. He claims that all of his property was inside of his property boxes when he arrived at segregation except for his laundry bag that was filled with dirty clothes and a plastic

bag full of excess legal papers for which he had made attempts to return to his excess legal storage box retained in the personal property room. Defendant Lynch advised the Plaintiff that all of his property must go in his property boxes. The Plaintiff advised Lynch that he wanted the excess legal papers taken to the personal property room and placed in his excess legal storage box and that he could place any excess clothing in disposal. Later that day, Lynch advised the Plaintiff that he had to take all of the Plaintiff's books, most of which are religious books, out of his box to make room for the dirty laundry and excess legal papers. Further, Lynch advised the Plaintiff that he had sent his excess books to Blakewell in Operations and that Blakewell would be holding his books and would contact the Plaintiff later. Lynch refused the Plaintiff's request for his religious literature or one of his Bibles while in segregation. Lynch advised the Plaintiff that he would have to write the warden. When the Plaintiff explained to Lynch that he thought he was allowed his bibles and religious literature while in segregation, Lynch responded that the Plaintiff should not have come to segregation if he wanted to keep his books.

Later, Blakewell advised the Plaintiff that he had to send 75 books home within 30 days or have them destroyed. The Plaintiff advised Blakewell that he wanted his books returned to him and explained what had occurred. Blakewell advised the Plaintiff that he knew Lynch and believed Lynch's version of what had occurred. Blakewell further advised the Plaintiff that he could file a grievance. The Plaintiff then asked Blakewell if he could have his Bible. Blakwell responded "no, not if you file a grievance," and walked away.

The Plaintiff claims the denial of his religious books interfered with his right to practice his religion for a period of five months. Further, the Plaintiff alleges that Plaintiff Blakewell punished and discriminated against him when he would not return his Vedic bible to him because the Plaintiff filed a grievance and because of his minority faith.

Further, the Plaintiff claims the former and current directors of IDOC's unconstitutional rules subjected the Plaintiff to the "threat of these rules." The Plaintiff points to his November 9, 2002 grievances for his specific allegation. In his grievance, the Plaintiff alleges that the provision of "Sub chapter e: Operations, Security, Part 501 c Section 501.230 Disposition of Contraband (501.230 c, e, f) is unconstitutionally vague, unconstitutionally unreasonable and discriminatory. It appears the Plaintiff makes these assertion because the provisions make no provisions for a person that is indigent.

Finally, the Plaintiff claims that all the Defendants are guilty of aiding and abetting each other in all the alleged claims.

In the court's September 28, 2004 order, d/e 26, the court ruled that the Plaintiff's Fourteenth Amendment equal protection claim as it relates to his being indigent is dismissed for failure to state a claim upon which relief may be granted. The court allowed the Plaintiff to proceed on his claims that the Plaintiffs violated his First Amendment rights to practice his religion and that they discriminated against him based on his religion.

Standard

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P.56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Herman v. National Broadcasting Co., Inc.,* 744 F.2d 604, 607 (7th Cir. 1984), *cert. denied,* 470 U.S. 1028 (1985).  In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. *Beraha v. Baxter Health Corp.,* 956 F.2d 1436, 1440 (7th Cir. 1992).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex,* 477 U.S. at 322.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial."  *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359 (7th Cir. 1988).  A "metaphysical doubt" will not suffice.  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Disputed facts are material only if they might affect the outcome of the suit.  *First Ind. Bank v. Baker,* 957 F.2d 506, 507-08 (7th Cir. 1992).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, *247-248, 106 S.Ct. 2505, 2510 (1986).

### Material Facts Claimed to be Undisputed

1. In his Complaint, Plaintiff seeks declaratory, injunctive, compensatory and punitive damages against each Plaintiff.  (Plaintiff's Complaint, p. 8).
2. On October 5, 2002, Plaintiff was moved to segregation. (Exhibits to Plaintiff's Complaint).
3. During the move to segregation, Plaintiff's books were confiscated. (Exhibit A, Plaintiff's Deposition, page 17).
4. After Plaintiff filed a grievance, Plaintiff's religious books were returned to him. (Exhibit A, Plaintiff's Deposition, page 13, lines 16-20).
5. The Defendants did not return Plaintiff's books until several months after the Plaintiff filed a grievance.
6. Defendants, Lynch and Blakewell were never reprimanded or punished by Warden Jaimet for their roles in the complaint allegations and the Administrative Review Board and the IDOC Director did nothing about the problems that were grieved.
7. The Defendants admit that they refused to allow the Plaintiff to have any of his religious books, vedic religious books, Hare Krsna religious book, Plaintiff's vedic Hare Krsna Bible while in segregation.  (Defendants' Answer pg 1; par. 1.)

The Defendants argue that the Plaintiff has failed to allege a physical injury arising from the Defendants' alleged actions.  The Defendants assert that an inmate may not seek damages for mental or emotional harm, unless he first establishes a physical injury. 42 U.S.C. 1997e(e).

Defendants assert that this statute is meant to exclude recovery for mere emotional or mental distress. *Lewis v. Washington*, 197 F.R.D. 611, 615, 2000 U.S. Dist. LEXIS 12466 at 11 (2000). 197 F.R.D. 611, 614 (2000). The Plaintiff seeks damages arising from his religious books being confiscated. (Undisputed Fact No. 3). The Plaintiff admits that his books were returned to him. (Undisputed Fact No. 4). The Plaintiff has not alleged any action or event which affected his physical well-being. The Defendants argue that it appears that the Plaintiff seeks damages only for the emotional impact of his religious books being confiscated and such recovery is barred by 42 U.S.C. 1997e(e) and therefore Plaintiff is not entitled to compensatory damages.

The Defendants are correct that the Plaintiff is not entitled to compensatory damages. However, *see Calhoun v. DeTella*, 319 F.3d 936, 940-41 (7th Cir. 2003), where the Seventh Circuit stated, in the context of First Amendment claims, prisoners need not allege a physical injury to recover damages because the deprivation of the constitutional right is itself a cognizable injury, regardless of any resulting mental or emotional injury. The Court cited *Rowe v. Shake*, 196 F.3d 778, 781-82 (7th Cir.1999); *see also Searles v. Van Bebber*, 251 F.3d 869, 879-81 (10th Cir.2001) (nominal and punitive damages for First Amendment violation not barred); *Allah v. Al-Hafeez*, 226 F.3d 247, 252 (3d Cir.2000) (same); *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir.1998) (any form of relief for First Amendment violations available, if not for mental or emotional injury). Nominal damages are awarded to vindicate rights, not to compensate for resulting injuries.

Further, as to the Plaintiff's claims that he is entitled to injunctive as well as declaratory relief, the Defendants argue that Plaintiff has failed to state an ongoing violation and therefore Plaintiff is not entitled to either injunctive relief or declaratory relief. The purpose of a temporary restraining order or injunction is to preserve the status quo until a final decision is reached concerning the merits of the case. *American Hosp. Ass'n v. Harris*, 625 F.2d 1328 (7 Cir. 1980). A federal court may only issue injunctive relief when an ongoing constitutional violation is occurring. *Al-Alamin v. Gramley*, 926 F.2d 680, 685 (7th Cir. 1982); *Green v. Mansour*, 474 U.S. 64, 71 (1985). Here the Plaintiff has admitted that his religious books have been returned to him. (Undisputed Fact No. 4). The Plaintiff has not alleged a continual constitutional violation. Therefore, this court lacks authority to award the injunctive relief requested by the Plaintiff. Furthermore, since the Plaintiff has failed to allege an ongoing violation, the Plaintiff is not entitled to declaratory relief. *Id*. at 67 *citing Banas v. Dempsey*, 742 F.2d 277 (6 Cir. 1984).

**It is therefore ordered:**

1. **The Defendants' partial summary judgment motion is granted, d/e 29. Pursuant to Fed. R. Civ. P. Rule 56(c), the Defendants are entitled to summary judgment on the Plaintiff's claims for compensatory damages, injunctive and declaratory relief. The clerk of the court is directed to enter judgment for the Defendants at the conclusion of this lawsuit.**

**Enter this 22nd day of March 2006.**

s\Harold A. Baker

_____
**HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE**